**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**RAYMOND JONES (#106048)**                                    **PETITIONER**

**v.**                                                                    **No. 3:06CV108-D-A**

**COOPER MISSKELLY, ET AL.**                                    **RESPONDENTS**


## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Raymond Jones for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has answered the petition, and the petitioner has replied. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice.

### Facts and Procedural Posture

The petitioner is in the custody of the Mississippi Department of Corrections and is currently housed at the Carroll-Montgomery County/Regional Correctional Facility in Vaiden, Mississippi. He pled guilty to sexual battery in the Circuit Court of Grenada County, Mississippi and was sentenced to twenty years in the Mississippi Department of Corrections. State Court Record ("S.C.R."), Vol. 1, pp. 20-21.

Jones filed a petition for post-conviction collateral relief in the Circuit Court of Grenada County, Mississippi, challenging his conviction and sentence, citing as error the following (as stated verbatim by the petitioner):

Ground 1:     The evidence used to convict Petitioner was the result of an illegal
              search and seizure in violation of his Fourth Amendment rights to
              the United States Constitution, and Article III, Section 23 of the
              Mississippi Constitution, the Court's decision to the contrary and
              abuse of discretion.

Ground 2:    The evidence used to convict Petitioner was the result of an illegal search and seizure in violation of his Fourth Amendment Rights to the United States Constitution, and Article III, Section 23 of the Mississippi Constitution and therein resulted in the guilty plea of the petitioner being coerced.

Ground 3:    Petitioner was denied the effective assistance of counsel under the Sixth and Fourteenth Amendments of the United States Constitution and in violation of the Mississippi Constitution.

S.C.R., Vol. 1, pp. 6-19. The trial court denied this petition on December 6, 2004, finding the claims to be without merit. S.C.R., Vol. 1, pg. 81.

The petitioner appealed that decision to the Mississippi Court of Appeals, citing as error the same grounds raised in the trial court. The Mississippi Court of Appeals found that the petitioner waived any Fourth Amendment issues by virtue of his guilty plea – and that the other claims were without merit. *Jones v. State*, 922 So. 2d 31 (Miss. App. 2006) (Cause No. 2004-CP-02491-COA).

Jones filed the instant petition for a writ of *habeas corpus*, citing as error the following (as stated verbatim by the petitioner):

Ground One:   Petitioner's guilty plea was coerced when the evidence used to elicit the plea was the result of an illegal search and seizure in violation of his Fourth Amendment Rights to the United States Constitution, and Article III, Section 23 of the Mississippi Constitution. The coerced plea violates both the due process and equal protection clauses of the United States Constitution.

Ground Two:   Petitioner was denied the effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution and in violation of the Mississippi Constitution.

## Procedural Default

The petitioner's claims in Grounds One and Two are barred from federal *habeas corpus* review by *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728 (1999). A state prisoner must

present his claims to a state supreme court in a petition for discretionary review when that review is part of the state's ordinary appellate review procedure. *O'Sullivan*, 119 S.Ct. at 1730. The petitioner did not seek rehearing of the Mississippi Court of Appeal's decision – and did not appeal that decision to the Mississippi Supreme Court. As such, the petitioner has not given the state one full opportunity to resolve any constitutional issues. *O'Sullivan*, 119 S.Ct. at 1732. Illinois' two-tiered appellate review procedure analyzed in *O'Sullivan* is extremely similar to the one now used in Mississippi with the Court of Appeals as described above.

The petitioner cannot now exhaust these grounds, as the time for filing such a petition has long passed. MISS. R. APP. P. 40 and 17(b). As such, a return to state court now would be fruitless as the time for such review has expired. Accordingly, the petitioner's claims in Grounds One and Two of the instant petition are procedurally barred and should be dismissed with prejudice. *O'Sullivan*, 119 S.Ct. at 1734 (citing *Coleman v. Thompson,* 501 U.S. 722, 731-32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

In denying post-conviction relief, the state court applied an independent and adequate state procedural rule. As such, the petitioner must demonstrate cause for his default and some actual prejudice he will suffer if this court also applies the procedural rule. *Coleman,* 501 U.S. at 750; *see also Martin v. Maxey,* 98 F.3d 844, 849 (5th Cir. 1996) (citations omitted). The petitioner has not shown cause for his default because no external impediment existed to prevent him from raising and discussing these claims in a petition for writ of certiorari in state court. *United States v. Flores,* 981 F.2d 231 (5th Cir. 1993); *Hill v. Black,* 932 F.2d 369 (5th Cir. 1991). As the petitioner has not show cause, the court need not consider whether the petitioner would suffer prejudice. *Martin v. Maxey,* 98 F.3d 844, 849 (5th Cir. 1996); *Saahir v. Collins,* 956 F.2d 115, 118 (5th Cir. 1992). Finally, the court's decision to apply the default rule will not result in a

fundamental miscarriage of justice because the petitioner has not shown that, as a factual matter, that he is innocent of the crime of conviction. *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995)). Indeed, the petitioner pled guilty to the crime. As such, both grounds for relief in the instant petition are procedurally barred, and the instant petition shall be dismissed with prejudice. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 19th day of June, 2007.

 /s/ Glen H. Davidson
SENIOR JUDGE